UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 3:21-cr-00011-GFVT-MAS |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MICHAEL T. HOGAN, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the United States' Motion for Restitution Order and Forfeiture Money Judgment. [R. 85.] After sentencing, the Court entered Judgment upon guilty pleas as to Michael T. Hogan and Joy M. Hogan. [R. 82; R. 83.] For the reasons stated herein, the motion **[R. 85]** is **GRANTED**.

**I**

In June 2021, a grand jury indicted Michael Hogan on fifteen criminal charges and Joy Hogan on one count. [R. 1-1 at 5–16.] The indictment contained a forfeiture allegation as to the amount of gross proceeds obtained through their criminal activity. *Id.* at 17. Mr. Hogan pled guilty to wire fraud conspiracy and federal program fraud in violation of 18 U.S.C. §§ 1349, 666. [R. 62.] Ms. Hogan pled guilty to wire fraud conspiracy in violation of 18 U.S.C. § 1349. [R. 64.]

At sentencing, the Court indicated that it would order restitution and forfeiture as part of the defendants' sentences but that the amounts were to be determined. As to the forfeiture allegation, the Court asked the Government whether a preliminary order of forfeiture had been entered. After the prosecutor confirmed that no such order had been filed, the Court stated that

forfeiture would be included in the final judgment. Specifically, the Court stated that a money judgment in the sum representing the gross proceeds in aggregate obtained by the defendants as a result of the wire fraud and theft from federal programs violations alleged in the indictment would be in the final judgment. Counsel for the defendants stated that they had no objection to this procedure.

In the judgments, the Court indicated that it would order restitution but deferred ruling on the amount, declaring it "TBD." [R. 82 at 6; R. 83 at 6.] Likewise, the judgments required the Defendants to forfeit "[a]ll items listed in the Forfeiture Allegation of the Indictment, to include a Money Judgment of a sum representing the gross proceeds in aggregate obtained as a result of the wire fraud and theft from federal programs violations in the Indictment." [R. 82 at 7; R. 83 at 7.]

Now, the United States moves the Court to enter an order imposing restitution and forfeiture and to amend the judgments to reflect the same. [R. 85 at 6.] The Defendants, through counsel, consent to the United States' proposals regarding restitution and forfeiture. [R. 85 at 1.]

II

Because the Court has already imposed a sentence and entered judgments in this matter, it first considers its power to amend the restitution and forfeiture items respectively. Generally, 18 U.S.C. § 3664(d)(5) requires a sentencing court "to resolve the restitution issue within 90 days of the sentencing hearing." *United States v. Vandeberg*, 201 F.3d 805, 813 (6th Cir. 2000); *Dolan v. United States*, 560 U.S. 605, 608 (2010). However, a sentencing court that misses this 90-day deadline retains the power to order restitution where it has "made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Dolan*, 560 U.S. at 608. Precedent in this circuit has permitted "the imposition of

2

a restitution order almost two years after the original sentence was imposed." *See United States v. Bogart*, 576 F.3d 565, 570 (6th Cir. 2009)).

In this case, the Court is slightly beyond the general 90-day deadline but well under the two-year figure validated in *Bogart*.[1]  Because the Court left the amount of restitution to be determined, the Court retains the power to order restitution.

The Court can also amend the forfeiture order, although its discretion to do so is more limited.  Forfeiture orders, including money judgments, are "part of the [defendant's] sentence in the criminal case." *United States v. Maddux*, 37 F.4th 1170, 1174 (6th Cir. 2022) (quoting 28 U.S.C. § 2461(c)).  "And, once a court imposes a sentence, generally it may not 'change or modify that sentence unless such authority is expressly granted by statute.'" *Id.* at 1175 (quoting *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013)).

The Government is entitled to civil forfeiture under 18 U.S.C. § 981(a)(1)(C).  Because the Government included notice of the forfeiture in the indictment, the Court must order forfeiture of the property as part of the sentence pursuant to the Federal Rules of Criminal Procedure.  28 U.S.C. § 2461(c).  Those rules provide only two procedures by which a court can order forfeiture.

Generally, a preliminary order of forfeiture must be issued in advance of sentencing, with enough time for the defendant to suggest modification, unless doing so is impractical.  Fed. R. Crim. P. 32.2(b)(2)(B).  However, if the court cannot calculate the total money judgment before sentencing, the court may enter a general forfeiture order that defers "calculating 'the total amount of the money judgment until a later date.'" *Id.* 32.2(b)(2)(C); *Maddux*, 37 F.4th at 1177.

---

[1] Sentencing in this matter occurred on September 27, 2022.  [R. 79.]

3

The Sixth Circuit interprets Rule 32.2(b) as a mandatory claims-processing rule. *Maddux*, 37 F.4th at 1180. Statutes create three types of deadlines. *Id.* at 1175. Jurisdictional deadlines cannot be forfeited and, if missed, prevent the court from permitting or taking a given action. *Id.* (quoting *Dolan*, 560 U.S. at 610–11) (cleaned up). Ordinary claims-processing rules can be forfeited but regulate the timing of motions or claims brought before the court. *Id*. Last, there are deadlines that seek speed by creating a time-related directive that is legally enforceable but does not deprive a judge of the power to take the action to which the deadline applies. *Id.*

As a mandatory claims-processing rule, Rule 32.2(b) "may be forfeited." *Id.* at 1176. But, "it may not be ignored when properly invoked . . . ." *Id.* "[L]ike jurisdictional deadlines, mandatory claims-processing rules bind counts and may not be equitably tolled." *Id.*

In this case, the Court followed the method of entering forfeiture proscribed by Rule 32.2(b)(2)(C). The best practice under this rule would be to enter a general order, before sentencing, that defers calculating the total money judgment. *Maddux*, 37 F.4th at 1177, 1179. But the Sixth Circuit has acknowledged that ordering forfeiture during sentencing while leaving the amount to be determined could comply with the rule "because that necessarily ensure[s] that the defendant knows of the forfeiture at sentencing." *Id.* at 1180 (internal quotations removed).

The Court can amend the initial judgments for two reasons. First, the Court advised both defendants that it would certainly impose forfeiture and that the amount would be based on the money derived from their criminal activity. Second, the Defendants consented to a later determination of the amount of forfeiture at sentencing and again when they agreed to the United States' motion for forfeiture. Because Rule 32.2(b) is a claims processing rule, the Defendants could and did waive its protections.

4

## III

Having heard witness testimony at sentencing, having reviewed the United States' subsequent briefing, and the Court being otherwise sufficiently advised, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The United States Motion for Restitution Order and Forfeiture Money Judgment **[R. 85]** is **GRANTED**;

2. The United States is entitled, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to a forfeiture money judgment against the Defendants jointly and severally in the amount of $366,550.00, which represents the amount of proceeds that they jointly obtained as a result of the violations of 18 U.S.C. § 1349 to which they pled guilty for the scheme of diverting delinquent tax funds, and against Defendant Michael T. Hogan only in the additional amount of $232,127.00, which represents the amount of proceeds that he obtained as a result of the violation of 18 U.S.C. § 666 to which he pled guilty for the scheme of improper billing for child support enforcement;

3. The United States is entitled, pursuant to 18 U.S.C. § 3663A, to a restitution judgment against the Defendants jointly and severally in the amount of $366,550.00 to be paid to the Lawrence County Attorney's Office as the sole victim of the scheme of diverting delinquent tax funds and against Michael T. Hogan only in the additional amount of $232,127.00 to be paid to Child Support Enforcement as the sole victim of the scheme of improper billing for child support enforcement;

4. The Defendants' Judgments shall be amended to include the forfeiture money judgment and restitution as outlined above;

5. The forfeiture money judgment constitutes a debt owed to the United States by the Defendants and the United States may take any necessary steps to satisfy that debt;

6. This Court shall retain jurisdiction in this case for the purpose of enforcing this Order and, because it does not order the forfeiture of specific property, no notice pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) is required;

7. The United States is authorized to conduct appropriate discovery and to conduct any necessary ancillary proceedings, as provided by 21 U.S.C. § 853(n), as to the collection of the forfeiture money judgment or subsequent assets used to satisfy the judgment and the rights of third parties who may have an interest in any forfeited property;

8. Pursuant to Federal Rule of Criminal Procedure 32.2(e), the United States may at any time move to amend this order of forfeiture to substitute property having a value not to exceed $598,677.00 as to Michael T. Hogan, and $366,550.00 as to Joy M. Hogan, to satisfy the forfeiture money judgments in whole or in part; and,

9. The United States Probation Office is **DIRECTED** to prepare Amended Judgments for the following Defendants:

    a. **Michael T. Hogan, and**

    b. **Joy M. Hogan**.

This the 23rd day of January 2023.

Gregory F. Van Tatenhove
United States District Judge